By the Court.
Duer, J.
This is a motion to set aside the report of a sole referee as contrary to law and evidence.
It is frequently said that where a cause involving questions of fact has been submitted to a referee, his report is to be viewed in the same light as the verdict of a jury, and consequently ought not to be set aside unless it is plainly contrary to the weight of evidence; but we must be satisfied, upon a very slight consideration, that this rule can only be applied where the grounds of the decision are explicitly stated by the referee, or from the nature of the controversy are apparent upon the face of the report. Where a case is made in support of a motion for a new trial, the questions of law and fact are carefully separated. The questions submitted to the jury, and the directions given to the jury by the judge, are distinctly stated, and hence, if in the judgment of the court error has intervened, it is referred without difficulty to its proper source. As the questions of fact upon which the jury must have passed are certainly known, it is easy to compare their verdict with the evidence upon .which it was founded, and if there is no just exception to the charge of the'judge, the rule that the verdict ought not to be disturbed unless contradicted by an overruling force of evidence, may be properly invokéd to guide and control the decision of the court. But where a cause, involving several distinct and alternative questions, both of law and of fact, has been submitted to a referee, and his report is general, the case is widely different. It is then impossible to say what has been the actual decision of the referee upon any one of the questions which the parties raised before him. It is even impossible to say whether he has considered at all the only questions that the court, which is called upon to review his report, may deem to be material; *7 and in this uncertainty, the court must necessarily act in the free exercise of its own judgment, and can only sustain the report when the conclusions of the referee correspond entirely with its own views of the law and merits of the case. We have thought it necessary to explain this material, though obvious distinction, since not only in the present case, but in several other cases in which the binding authority of the general rule as applicable to the reports of referees has been strongly urged, it has been wholly overlooked by the counsel of the parties.
The case now to be decided will be found to furnish a very striking illustration of the truth of the observations that we have made. The plaintiff seeks to recover the value of a horse, which he alleges was borrowed from him by the defendant, and received its death wound whilst in his possession, and he insists that it appears from the evidence that the loss for which he claims an indemnity was not the result of an inevitable accident, but might have been prevented by the exercise of that care and diligence which the law exacts from a borrower. The defence is placed upon various and distinct grounds. It is insisted, First, that the evidence is entirely insufficient to prove that the death of the horse was the result of the wound, but renders it highly probable that it was occasioned solely by disease. Second, that assuming the horse to have died from the wound, still the defeDdant is not responsible for the loss, it appearing from the evidence that he was a hirer and not a borrower,. and consequently was only bound to that ordinary care and diligence which he is proved to have exercised; and, Lastly, that considering the defendant as a borrower, the loss must be attributed solely to the wrongful act of a third person, for which he is not responsible, no fault or negligence being justly imputable to him or to his servant. For aught that appears in the report, the decision of the referee in favor of the defendant may have proceeded solely upon the first or second of those grounds, and we cannot therefore assume that he has decided, or even considered the only question of fact that we deem to be material, namely, whether the loss is in any degree attributable to the omission of that *8 extraordinary care and prudence which, it is certain that the law requires from a borrower.
I shall now proceed to state our-own views as to the law and the facts of this case.
If the witness, Manly, is to be believed, and we see no reason to question his truth or the accuracy of his recollection, his testimony excludes any reasonable doubt that the sole cause of the death of the horse was the injury that it received while in the possession of the defendant, and the same witness proves with equal certainty, that the contract between the parties was purely a gratuitous loan — the horse was lent to the defendant at his request, for his personal accommodation, and no compensation was at the time demanded or offered. It is true, that at a later hour in the day the plaintiff was seen to be in the possession and use of a horse belonging to the defendant, but we have no right to infer from this single fact, that an exchange of horses for the day was a condition of the original contract. In our judgment, there is no legal evidence to support the allegation' that the contract was a contract of hiring.
We are therefore clearly of opinion that the defendant was .liable as a borrower, and the rules of law fixing the extent of his liability are exceedingly plain, and are undisputed. He was bound to extraordinary diligence, and was responsible even for the slightest neglect, de ievissima culpa ; he was bound to exercise all the care and diligence that the most careful persons are accustomed to apply to their own affairs, and in his case it is the omission of the most exact and scrupulous caution, that is regarded by the law as a culpable neglect. (Coggs v. Bernard, 2 Ld. Raymond 909 ; Vaughan v. Menlove, 3 Bing. N. C. 468; Pothier, Pret. a Usage, n. 48, 50; Big. Lib. 13, tit. b. 1. 18; Story on Bailments, §§ 237, 238.) He is not excused by showing that the proximate cause of the loss was the wrongful act of a third person, unless it clearly appears that the act could not have been foreseen or prevented, and that no fault or neglect of the defendant or his servant contributed in any degree to create or enhance the peril. (Story on Bail. §§ 241, 268.) Although the horse was borrowed by the defendant for his own personal *9 use, we do not doubt that he was justified in returning him by a servant, notwithstanding it seems to be clear, that had he permitted a servant to ride the horse during the day, he would have been responsible for any loss, however inevitable, that might then have happened; (Bringloe v. Morrice, 1 Mod. R. 210; S. C. 3 Salk, 271; Story on Bail. § 235;) but he was bound, in returning the horse, to employ an agent or servant upon whose skill, experience, and prudence he could place an entire reliance, and the servant thus employed, and for whose acts and omissions the master was responsible, was bound to the same extraordinary care as the master himself.
The defendant sent the horse to the plaintiff in charge of a negro boy, and it is extremely doubtful upon the evidence, whether this boy was a proper agent to be employed on such a service ; it is very doubtful whether he was such an agent as a very careful person would have employed; and it must be remembered that this is the true and only test. It is also very doubtful upon the evidence whether the boy, .in returning the horse, followed the safest route, and still more so, whether, at the time of the supposed accident, he exercised all necessary care to escape from the impending peril. He seems to admit, in his testimony, that there was a mode by which the danger could have been avoided, had he thought of it at the time, and it is difficult not to construe his evidence as an admission of his own neglect. Want of thought is a synonyme for carelessness.
We are riot to be understood as expressing a positive opinion in relation to facts, which we think have not been fully investigated, and which it will be the province of a jury hereafter to decide; but were we bound to give a final judgment upon the case as it stands, we should be compelled to say, that the only defence that can be justly relied on is not sustained by the requisite proof. We are by no means satisfied that the loss for which the plaintiff seeks a compensation was the result of an inevitable accident, or of a wrongful act that could not have been foreseen or prevented, and it is upon the defendant that in our judgment the law casts the burden of proof
Entertaining these views, it is our plain duty to set aside the *10 report in favor of the defendant, and we think also to vacate the order for a reference; the case as it now appears being manifestly one of those that are more properly left to the determination of a jury than of a referee. The costs of this motion and of the reference must abide the event.